UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DK LIPA, LLC,

                                       No.: 20-cv-4273

                  Plaintiff,

            -against-                  **ANSWER**

MISF Solar LLC, Project NY LLC, Mastic Industrial
Solar LLC, Gerald Rosengarten, Howard
Rosengarten, Sion Sohayegh, Bijoun Kaypour, Arthur
Madej, Thomas Falz, Ulrich Falz, and Markus Falz.

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendant Project NY LLC ("Project NY"), by its attorneys, Farrell Fritz, P.C., answers

the Complaint as follows:

#### <u>NATURE OF THE ACTION</u>

1.      Refers to the Agreement for the terms thereof, and otherwise denies the allegations in paragraph "1" of the Complaint.

2.      Paragraph "2" of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, denies the allegations in paragraph "2" of the Complaint.

3.      Refers to the Agreement for the terms thereof, and otherwise denies the allegations in paragraph "3" of the Complaint.

4.      Paragraph "4" of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, denies the allegations in paragraph "4" of the Complaint.

5.      Paragraph "5" of the Complaint states a legal conclusion as to which no response is

required.  To the extent a response is required, denies the allegations in paragraph "5" of the Complaint.

6.    Paragraph "6" of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, denies the allegations in paragraph "6" of the Complaint.

7.    Denies the allegations in paragraph "7" of the Complaint.

8.    Refers to the referenced email for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "8" of the Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "9" of the Complaint.

10.   Denies the allegations in paragraph "10" of the Complaint.

11.   Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "11" of the Complaint.

12.   Refers to the docket of DK LIPA LLC v. Sybac Solar LLC, Case No. 15-cv-6471 (JPO) ("SYBAC I") for the contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "12" of the Complaint.

13.   Refers to the docket of SYBAC I for the contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "13" of the Complaint.

14.   Refers to the docket of SYBAC I for the contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph

"14" of the Complaint.

15.     Refers to the docket of SYBAC I for the contents thereof, and otherwise denies

knowledge or information sufficient to form a belief as to the allegations in paragraph

"15" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the allegations in

paragraph "16" of the Complaint.

17.     Refers to the letter of intent for the terms thereof, and otherwise denies knowledge or

information sufficient to form a belief as to the allegations in paragraph "17" of the

Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the allegations in

paragraph "18" of the Complaint, refers to the docket of <u>DK LIPA LLC v SB Energy

Holdings (formerly known as Sybac Solar LLC) and MISF, LLC</u>, 19 Civ 1405 (LGS)

("SYBAC II") for the contents thereof, and otherwise denies the allegations in

paragraph "18" of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the allegations in

paragraph "19" of the Complaint.

20.     Refers to the docket of SYBAC II for the contents thereof, and otherwise denies

knowledge or information sufficient to form a belief as to the allegations in paragraph

"20" of the Complaint.

21.     Denies the allegations in paragraph "21" of the Complaint.

22.     Admits that Project NY is 50% owner of MISF Solar, and otherwise denies knowledge

or information sufficient to form a belief as to the allegations in paragraph "22" of the

Complaint.

23.   Denies the allegations in paragraph "23" of the Complaint as they pertain to Project NY, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "23" of the Complaint.

24.   Paragraph "24" of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the allegations in paragraph "23" of the Complaint.

## PARTIES

25.   Admits the allegations in paragraph "25" of the Complaint insofar as Project NY LLC is an owner of MISF Solar LLC, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "25" of the Complaint.

26.   Admits the allegations in paragraph "26" of the Complaint insofar as Thomas Falz and Markus Falz are members of Project NY LLC, and otherwise denies knowledge or information sufficient to form a belief as to the remainder of allegations in paragraph "26" of the Complaint.

27.   Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "27" of the Complaint.

28.   Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "28" of the Complaint.

29.   Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "29" of the Complaint

## JURISDICTION AND VENUE

30.   Paragraph "30" of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, denies knowledge or information

sufficient to form a belief as to the allegations in paragraph "30" of the Complaint.

31.     Paragraph "31" of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the allegations in paragraph "31" of the Complaint.

32.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "32" of the Complaint.

## FACTUAL ALLEGATIONS

33.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "33" of the Complaint

34.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "34" of the Complaint.

35.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "35" of the Complaint.

36.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "36" of the Complaint.

37.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "37" of the Complaint.

38.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "38" of the Complaint.

39.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "39" of the Complaint.

40.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "40" of the Complaint.

41.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "41" of the Complaint.

42.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "42" of the Complaint.

43.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "43" of the Complaint.

44.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "44" of the Complaint.

45.     Refers to the referenced notice of termination for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in

paragraph "45" of the Complaint.

46.     Refers to the referenced letter for the terms thereof, and otherwise denies the
        allegations in paragraph "46" of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the allegations in
        paragraph "47" of the Complaint.

48.     Refers to the referenced letter for the terms thereof, and otherwise denies the
        allegations in paragraph "48" of the Complaint.

49.     Refers to the docket of SYBAC I for the contents thereof, and otherwise denies the
        allegations in paragraph "49" of the Complaint.

50.     Refers to the docket of SYBAC I for the contents thereof, and otherwise denies the
        allegations in paragraph "50" of the Complaint.

51.     Refers to the docket of SYBAC I for the contents thereof, and otherwise denies the
        allegations in paragraph "51" of the Complaint.

52.     Refers to the docket of SYBAC I for the contents thereof, and otherwise denies the
        allegations in paragraph "52" of the Complaint.

53.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or
        information sufficient to form a belief as to the allegations in paragraph "53" of the
        Complaint.

54.     Refers to the docket of SYBAC I for the contents thereof, and otherwise denies
        knowledge or information sufficient to form a belief as to the allegations in paragraph
        "54" of the Complaint.

55.     Refers to the docket of SYBAC I for the contents thereof, and otherwise denies
        knowledge or information sufficient to form a belief as to the allegations in paragraph

"55" of the Complaint.

56.    Refers to the docket of SYBAC I for the contents thereof, and otherwise denies

knowledge or information sufficient to form a belief as to the allegations in paragraph

"56" of the Complaint.

57.    Refers to the docket of SYBAC I for the contents thereof, and otherwise denies

knowledge or information sufficient to form a belief as to the allegations in paragraph

"57" of the Complaint.

58.    Refers the docket of SYBAC I for the contents thereof, and otherwise denies

knowledge or information sufficient to form a belief as to the allegations in paragraph

"58" of the Complaint.

59.    Refers to the referenced letter for the contents thereof, and otherwise denies

knowledge or information sufficient to form a belief as to the allegations in paragraph

"59" of the Complaint.

60.    Refers to the referenced letter for the contents thereof, and otherwise denies

knowledge or information sufficient to form a belief as to the allegations in paragraph

"60" of the Complaint.

61.    Denies knowledge or information sufficient to form a belief as to the allegations in

paragraph "61" of the Complaint.

62.    Refers to the referenced letter for the contents thereof, and otherwise denies the

allegations in paragraph "62" of the Complaint.

63.    Denies knowledge or information sufficient to form a belief as to the allegations in

paragraph "63" of the Complaint.

64.    Refers to the referenced letter for the contents thereof, and otherwise denies

knowledge or information sufficient to form a belief as to the allegations in paragraph "64" of the Complaint.

65. Refers to the referenced letter for the contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "65" of the Complaint.

66. Refers to the referenced letter for the contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "65" of the Complaint.

67. Refers to the referenced writing for the contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "67" of the Complaint.

68. Refers to the referenced email for the contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "68" of the Complaint.

69. Refers to the JV Agreement for the terms thereof, and otherwise denies the allegations in paragraph "69" of the Complaint.

70. Refers to the JV Agreement for the terms thereof, and to the extent that the allegations contained in paragraph "70" are inconsistent with the terms of the JV Agreement, Project NY denies those allegations.

71. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "71" of the Complaint.

72. Admits that Markus Falz and Thomas Falz are members of Project NY LLC.

73.   Refers to the JV Agreement for the terms thereof, and otherwise denies the allegations in paragraph "73" of the Complaint.

74.   Refers to the JV Agreement for the terms thereof, and otherwise denies the allegations in paragraph "74" of the Complaint.

75.   Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "75" of the Complaint. To the extent allegations are made by Plaintiff in footnote "3," denies knowledge or information sufficient to form a belief as to the allegations in footnote "3" of the Complaint.

76.   Refers to the JV Agreement for the terms thereof, and otherwise denies the allegations in paragraph "76" of the Complaint.

77.   Refers to the JV Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "77" of the Complaint.

78.   Refers to the Agreement for terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "78" of the Complaint.

79.   Refers to the Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "79" of the Complaint.

80.   Refers to the JV Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "80" of the Complaint.

81. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "81" of the Complaint.

82. Paragraph "82" of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the allegations in paragraph "82" of the Complaint.

83. Denies the allegations in paragraph "83" of the Complaint.

84. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "84" of the Complaint.

85. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "85" of the Complaint.

86. Adnits the allegations in paragraph "86" of the Complaint insofar as Project NY LLC is a signatory to the JV Agreement, and otherwise denies the allegations in paragraph "86" of the Complaint.

87. Denies the allegations in paragraph "87" of the Complaint.

88. Denies the allegations in paragraph "88" of the Complaint.

89. Refers to the JV Agreement for the terms thereof, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph "89" of the Complaint.

90. Denies the allegations in paragraph "90" of the Complaint.

91. Denies the allegations in paragraph "91" of the Complaint.

92. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "92" of the Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the allegations in
        paragraph "93" of the Complaint.

94.     Refers to the referenced letter for the terms thereof, and otherwise denies knowledge
        or information sufficient to form a belief as to the allegations in paragraph "94" of the
        Complaint.

95.     Paragraph "95" of the Complaint states a legal conclusion as to which no response is
        required.  To the extent a response is required, denies the allegations in paragraph "95"
        of the Complaint.

96.      Denies knowledge or information sufficient to form a belief as to the allegations in
         paragraph "96" of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH CONTRACT
### (Against all Defendants)

97.     As to paragraph "97" of the Complaint, Project NY repeats and realleges each and
        every answer above.

98.     Refers to the Agreement for the terms thereof, and otherwise denies knowledge or
        information sufficient to form a belief as to the allegations in paragraph "98" of the
        Complaint.

99.     Paragraph "99" of the Complaint states a legal conclusion as to which no response is
        required.

100.    Denies the allegations in paragraph "100" of the Complaint.


101.    Denies the allegations in paragraph "101" of the Complaint.

102.   Denies knowledge or information sufficient to form a belief as to the allegations in
paragraph "102" of the Complaint.

## COUNT TWO

**BREACH OF CONTRACT**
**(Against Project NY, Arthur Madej, Thomas Falz, Ulrich Falz, and Markus Falz as**
**Alter Egos of SB Energy Holdings LLC formerly known as Sybac Solar LLC))**

103.   As to paragraph "103" of the Complaint, Project NY repeats and realleges each and
every answer above.

104.   Paragraph "104" of the Complaint states a legal conclusion as to which no response is
required.

105.   Denies knowledge or information sufficient to form a belief as to the allegations in
paragraph "105" of the Complaint.

106.   Paragraph "106" of the Complaint states a legal conclusion as to which no response is
required.  To the extent a response is required, denies the allegations in paragraph "106"
of the Complaint.

107.   Denies knowledge or information sufficient to form a belief as to the allegations in
paragraph "107" of the Complaint.

108.   Denies knowledge or information sufficient to form a belief as to the allegations in
paragraph "108" of the Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the allegations in
paragraph "109" of the Complaint

110.    Denies the allegations in paragraph "110" of the Complaint.

111.    Denies knowledge or information sufficient to form a belief as to the allegations in

paragraph "111" of the Complaint.

112. Paragraph "112" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, denies the allegations in paragraph "112" of the Complaint.

113. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "113" of the Complaint.

114. Paragraph "114" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, denies the allegations in paragraph "114" of the Complaint.

115. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "115" of the Complaint.

## **<u>COUNT THREE</u>**

**UNLAWFUL TRANSFER PURSUANT TO N.Y. DEBT CRED. LAW §§ 273, 274, 275, 276, 276-A**
**(Against All Defendants)**

116. As to paragraph "116" of the Complaint, Project NY repeats and realleges each and every answer above.

117. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "117" of the Complaint.

118. Denies the allegations in paragraph "118" of the Complaint.

119. Paragraph "119" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, denies the allegations in paragraph "119" of the Complaint.

120. Denies knowledge or information sufficient to form a belief as to the allegations in

paragraph "120" of the Complaint.

121.    Denies the allegations in paragraph "121" of the Complaint.

122.    Paragraph "122" of the Complaint states a legal conclusion as to which no response is required.

All allegations in the Complaint not specifically admitted are denied.

## PRAYER FOR RELIEF

123.         No response is required.

## DEMAND FOR A JURY TRIAL

124.         No response is required.

## AFFIRMATIVE DEFENSES

Project NY sets forth below its affirmative defenses to the claims of Plaintiff as set forth in the Complaint. The assertion of the following defenses as affirmative defenses is not an acknowledgment Defendants bears the burden of establishing these, or any other, defenses.

## FIRST AFFIRMATIVE DEFENSE

125.         The Complaint fails, in whole or in part, to state a claim upon which relief may be granted because Plaintiff has failed to plead, among other things, that Project NY intentionally procured Sybac's alleged breach without justification, or that a breach occurred.

## SECOND AFFIRMATIVE DEFENSE

126.         Plaintiff's claims are barred, in whole or in part, by unclean hands because Plaintiff failed to act in good faith in connection with its obligations under the Agreement.

## THIRD AFFIRMATIVE DEFENSE

127.     Plaintiff's claims are barred, in whole or in part, by documentary evidence, including the Agreement which provided the Plaintiff only the right of first refusal to purchase the Project, not to develop the Project.

## FOURTH AFFIRMATIVE DEFENSE

128.     Plaintiff's claims are barred, in whole or in part, because it would be unjustly enriched if allowed to recover from Project NY on any part of the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

129.     Plaintiff claims are barred, in whole or in part, because Plaintiff has failed to plead its claims under the N.Y. Debt. Cred. Law with requisite particularity.


Dated:     July 13, 2020

                                        Respectfully submitted,
                                        FARRELL FRITZ, P.C.

                              By:     *s/ James M. Wicks*
                                        _____
                                        James M. Wicks
                                        Kathryn C. Cole
                                        *Attorneys for Defendant*
                                        *Project NY, LLC*
                                        400 RXR Plaza
                                        Uniondale, NY 11556
                                        (516) 227-0700