# EXHIBIT C

November 14th, 2016

## Letter of Intent ("LOI") for Partial Co-Development of a Solar Project known as Middle Island Solar Farm. The ("SITE ")

**SYBAC Solar, LLC**, a Florida limited liability company, located at 6735 Conroy Windermere Rd Ste 401, Orlando, FL 32835 ("SYBAC") represents it has the rights to develop, construct, own and operate three solar arrays at the Site. (collectively, the "Project").

**MISF LLC**, a New York limited liability company, is located at 363 7th Avenue, 11th Floor, New York, NY 10001-3904 ("MISF") is the development vehicle of the ('Site'). Its members include long term owners of the property. The Site is situated on the south side of Moriches-Middle Island Road to the east of Cranford Boulevard. Access to the site will be from Moriches-Middle Island Road. The parcel is approximately 3,900 feet long (north to south axis) by 1000 feet wide (east to west axis), excluding "finger" extensions of the parcel which exist on the west side of the property.

**The following is mutually understood.**

MISF LLC has been actively pursuing Site Plan approval for a Solar Farm since 2012. MISF has submitted a DEIS and is expected to submit a FEIS to the Town of Brookhaven Planning Department sometime in the month of November, 2016. The site meets the criteria for the newly adopted Brookhaven Town Solar Code. The Site currently is owned outright and has no liens or debt other than Tax payments, associated development costs due and advanced by the Owners. Sybac represents they have three (3) valid and assignable interconnection and Power Purchase Agreements. (PPA)

Exhibit A. to this letter:

1. a 0.500 MW-AC array described under the LIPA Feed-In Tariff Solar Power Purchase Agreement designated as PAM-2013-2176

2. a 0.500 MW-AC array described under the LIPA Feed-In Tariff Solar Power Purchase Agreement designated as PAM-2013-2177

3. an 8.950 MW-AC array described under the LIPA Feed-In Tariff Solar Power Purchase Agreement designated as PAM-2013-197F21

Along with the solar PPA's Specified Above, SYBAC also represents to have certain permits, interconnection Agreements, permissions, titles, and contracts required for SYBAC or assignee to develop the Project. These Items also are included in Exhibit A.

This ("LOI") shall be limited to net 30 acres of array, spacing, inverters and metering. Any agreed modification or additions will be agreed in writing by both parties. This addendum will be included in the post due diligence final agreement. Unless mutually agreed, the balance of the Solar Farm will be developed by MISF LLC. This letter is intended to set forth the understanding of the Parties with respect to the potential co-development of the project or transfer of the PPA's.

1. Exclusivity Period

In consideration of the expenditure of time and expense in performing each of the parties' obligations hereunder, each party agrees that for a period of (90) days from the date of the ("LOI") ("Exclusively Period"), neither party shall, directly or indirectly, via any other parties or advisors, solicit, make, accept, negotiate, provide information for or otherwise pursue any offers for the sale or purchase of the Project . Prior to expiration of the Exclusivity Period, the Exclusivity Period may be extended for up to an additional 10 days to complete Definitive Agreements if required based on mutual consent and agreement of parties. MISF LLC may continue to proceed with any existing discussions, budgeting and planning regarding the balance of the net 60 acres project. MISF LLC may share and include such discussions with Sybac for the purposes of group benefits and furthering the total value of the Solar Development.   Additionally, during the exclusivity Period, each of the parties will complete detailed due diligence including a review of the property, project, permits as well as a review of the existing contracts, including, but not limited to PPA's, interconnection agreement, and title reports.  As a condition of this agreement SYBAC Solar LLC shall provide (MISF") documentation within 10 days of this LOI execution that its interconnection agreements and PPA's are valid, assignable, and may be extended for up to a year and are in full force and affect. This documentation shall be attached to the Formal Agreement as Exhibit B.

2. Formal Agreement

During the Exclusivity Period, the parties agree to negotiate in good faith the terms of a Formal

2

Agreement, to be executed by both parties before the expiration or extension of the exclusivity term. The Formal Agreement shall include the following provisions:

      a.  the parties may establish a special purpose vehicle (an "SPV"), which shall own, finance, and operate the Project and Enter into a lease with MISF LLC.   SYBAC will agree to contribute all assets owned or controlled by it related to the Project to the SPV including, but not limited to, the PPAs, interconnection agreement, and permits.

      b. The SPV will issue membership interests to its members (each a "Membership Interest" and collectively the ("Membership Interests"). Sybac appointees shall hold 50% and Lessors appointees shall hold of the 50% of the Membership Interest. Appointees shall be agreed to in writing regarding contingent liabilities and creditworthiness.

      c. Voting will be based on a party's ownership interest in the SPV, but the Shareholders Agreement will contain mutually acceptable minority protection rights.

      d. The Net Cash Flow from the Project will be shared equally between the parties. The parties shall agree on the allocation of the Net Cash flow distributed to Lessor between lease payments under the Lease and income. The term "Net Cash Flow" shall mean Net income, less financing costs, operating and maintenance expenses, and asset management expenses.

      e. The Land may be able to be used to initially and conditionally finance the Project with written permission from the owners, but a preapproved 20-year debt replacement mortgage will be closed within six months of the project coming online. The PPAs, array, and equity in the SPV will be collateralized first. MISF may also provide some limited guarantees on performance during construction.

## 3. Mutual obligations

During the Exclusivity Period, after the Formal Agreement has been finalized, the parties agree to exercise their best efforts to execute a formal Lease Agreement, Solar System Installation Agreement, and Operational/ Maintenance agreement. All pertinent terms and conditions of these agreements will have been agreed to and contained in the Formal agreement.  The 20-year Triple net lease shall be for amount of $800,000 yearly. The Lease shall be of standard industry format.

3

**4. SYBAC Obligations**

(a) Sybac shall provide its expertise and experience in the field of engineering, execution, construction, operation, maintenance and financing of solar photovoltaic energy generation projects. Any expenditure shall be agreed to by MISF LLC.

(b) From after the execution of the Formal Agreement, Sybac shall exercise commercially reasonable efforts to pay any amounts, meet any milestones and expected timing of expenditures contained in the Development up to the amount of Eighty Thousand Dollars ($80,000.00). Any expenditures outside the Budget or in excess of $80,000.00 shall be shared by the parties based on the ration of their respective ownership interest in the SPV.

(c) Sybac will provide a Construction Budget, Development Budget, and annual operating Budget. The budgets will be mutually agreed to prior to the Formal Agreement execution.

**5. MISF Obligations**

Lessor shall have the responsibility for activities related to the property including, but not limited to:

(a) Use of its best efforts to obtain any necessary Permits, easements, licenses, or consents;

(b) Managing the soil condition reports, including geophysical testing; and

(c) Providing information required by Sybac, potential lenders or funders to conduct a technical, commercial, and legal due diligence of the property.

**6. Confidentiality**

This "LOI" is confidential and should not be disclosed to anyone except each respective directors, officers, employees, advisors, and shareholders on a confidential basis. No party will make any public disclosure as to either the existence or the terms of the LOI, except as may be required by (in which case, any such public disclosure shall be coordinated by the parties); except it can be used to obtain registered town licenses or permits.

**7. Governing Law**

This "LOI" shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof.

4

**8. Binding Effect**

This Letter of Intent does not constitute a binding agreement, except paragraph 7 which shall be binding, but shall be considered a state of the present intention of the parties justifying the expenditure of time, effort and expense in an attempt to negotiate in good faith a binding agreement and thereafter to achieve the closing of the transaction. In any event the parties are unable to negotiate a final agreement then this "LOI" shall be terminated with no cost to either party.

**9. Option to Buy**

Sybac Solar grants an option for MISF LLC to purchase the "Project" in the amount of $ 3,000,000.00. Terms subject to negotiation and verification of representations.

If MISF decides to purchase the shares of the SPV, Sybac will receive an option to bid on and provide EPC services for the project. Sybac will provide the highest and best services, labor material, terms and agreement benefits to MISF.

MISF will provide a minimum of 2 industry professional EPC quotes from equal or greater sized parties for comparison and reference.

The terms of this option shall be in a separate agreement to be negotiated first and executed after the ten-day period for Sybac PPA backup.

**10. Binding Arbitration**

Either party may terminate the due diligence process and the terms of this memorandum at any time between now and any formal executed agreement. This termination shall be sent by email and certified mail to the receiving party. This Paragraph only applies to any aspects of any content prior to any formal executed agreement. The first agreement executed shall contain terms and conditions needed to survive this agreement. This agreement shall be void and terminated upon any additional formal agreement executed between the parties.

Any disagreement or litigation that may occur between the parties between now and possible future executed Formal Agreement, will immediately be resolved thru binding arbitration in the County of Suffolk, NY. The succeeding party in that action will be due reasonable expense reimbursement at the time of Decision.

The foregoing is hereby agreed and accepted this 14th day of November, 2016

SYBAC SOLAR, LLC

Name: Thomas Falz

Title: President

MISF, LLC

Name: Jerry Rosengarten

Title: Managing member

Adam M Rosen
General Manager - MISF, LLC.
as authorized by Jerry Rosengarten,
Managing Member - MISF LLC

6